**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---

| | |
|---|---|
| CHRIS ADAMS,<br>　　Individually, and on behalf of all others<br>　　similarly situated,<br>　　　　PLAINTIFFS,<br><br>v.<br><br>COASTAL CAPITAL PROCESSING, LLC<br>d/b/a BOURNVIEW RECOVERY GROUP, and<br>WESTERN SURETY COMPANY,<br>　　DEFENDANT | Case No.  4:19-cv-3117 |

---

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1.  This is a class action lawsuit for damages brought by plaintiff Chris Adams ("Plaintiff")

    against Coastal Capital Processing, LLC d/b/a Bournview Recovery Group ("Coastal") for

    violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter

    "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter

    "TCPA"), the Texas Finance Code § 392.001, *et seq*. and the Texas Business and Commerce

    Code § 305.053.

### PARTIES

2.  Plaintiff is a natural person and a resident of Montgomery County, Texas.

3.  Plaintiff is a is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin.

    Code § 392.001(1).

4.  Coastal is a company operating from the Buffalo, New York area.

5.  Coastal can be served at its principal place of business, 5817 South Park Ave., Hamburg, NY 14075.

6.  Coastal is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7), and is a "person" as defined by 47 U.S.C. § 153(10).

7.  At all relevant times, Coastal acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8.  Defendant Western Surety Company ("Western") is liable for the acts committed by Coastal complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 63259711, as well as any other applicable law.

9.  Western is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

10. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C § 1692k(d).

11. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.

13. Plaintiff resides in this Judicial District and Division.

14. Because Coastal transacts business here, personal jurisdiction is established.

## **FACTUAL ALLEGATIONS**

15. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").  Specifically, the Account was an old credit card, the funds from which were used for the purchase of various personal effects.  The funds were not used for any business or commercial purposes.

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

17. The Account allegedly went into default with the original creditor.

18. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Coastal for collection.

19. Plaintiff disputes the amount Coastal is attempting to collect on the Account.

20. Plaintiff requests that Coastal cease all further communications regarding the Account.

21. Prior to July 2019 Plaintiff obtained a cell phone and was assigned telephone number XXX-XXX-4104. This is a telephone number assigned to a cellular telephone service as described in 47 U.S.C. § 227(b)(1)(A)(iii).

22. Since obtaining the cell phone assigned phone number XXX-XXX-4104, Plaintiff has carried it on or about his person every day expecting to be able to place and receive telephone calls freely and at will.

23. Since Plaintiff obtained the cellphone assigned phone number XXX-XXX-4104, no one other than Plaintiff has carried that phone.

24. In June 2019 or July 2019 Coastal began calling Plaintiff at the above-listed cellular telephone number using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

25. Plaintiff received at least one call from Coastal that, when Plaintiff or his voicemail answered them, an artificial or pre-recorded voice provided a message stating:

> Hello, this is Jamie.  This call is regarding location and tracing efforts for a matter in our office.  Please call the number displayed on your caller id, or toll free at 877-262-2809. Thank you.

26. Plaintiff has never had a business relationship with Coastal and Coastal did not have the express consent of Plaintiff to place the calls to his cellular telephone using automatic means or artificial or pre-recorded messages.

27. The calls placed to Plaintiff by Coastal using a pre-recorded message were not made with the prior express consent of the called party.

28. All calls from Coastal to Plaintiff's cellular phone assigned number XXX-XXX-4104 were made without Plaintiff's prior express consent.

29. The calls placed to Plaintiff by Coastal using a pre-recorded message were not made for emergency purposes.

30. As a result of the acts alleged above, Coastal caused Plaintiff to become very upset because of the illegal manner in which Coastal continued to call Plaintiff's phone number or cause his phone number to be called.

31. Plaintiff suffered actual damages as a result of the illegal communication(s) by Coastal in the form of emotional distress, anxiety, sleeplessness, fear and upset, amongst other negative emotions.

32. Coastal's illegal communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

33. During all of the time that Coastal attempted to collect the Account from Plaintiff, Coastal used the fictitious business name "BRG" and/or "Bournview Recovery Group."

34. "BRG" and "Bournview Recovery Group" are not properly registered business names of Coastal.

35. During all of the time that Coastal attempted to collect the Account from Plaintiff, Coastal was not permitted to collect from Texas residents because Coastal did not have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101 that identified "Bournview Recovery Group" and/or "BRG" as the business name under which Coastal would conduct collection work in Texas.

36. As of the filing of this Complaint, Coastal still does not have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101 that identifies "Bournview Recovery Group" and/or "BRG" as the business name under which Coastal would conduct collection work in Texas.

37. The message left for Plaintiff described in paragraph 25 above failed to provide Plaintiff with meaningful disclosure of Coastal's identity.

38. The message left for Plaintiff described in paragraph 25 above failed to inform Plaintiff that Coastal was a debt collector.

39. The message left for Plaintiff described in paragraph 25 above failed to inform Plaintiff that the communication from Coastal was an attempt to collect a debt and that any information would be used for the purpose of debt collection.

40. In another communication with Plaintiff occurring on or about July 23, 2019, Coastal failed to provide Plaintiff with meaningful disclosure of its identity.

41. In the communication with Plaintiff on or about July 23, 2019, Coastal informed Plaintiff that the Account would be listed on his credit report despite the account is not listed on his credit report and Coastal does not report accounts to credit reporting agencies.

42. The statement described above that the Account would be listed on Plaintiff's credit report was a false and misleading statement, a threat to do something or take an action that Coastal did not intend to do or take, and falsely represented the nature of Coastal's business activities.

43. Further, Coastal failed to inform Plaintiff of his rights to dispute the Account or request validation of the debt as required by 15 U.S.C. §1692g.

44. Coastal's purpose for calling Plaintiff was to attempt to collect the Account.

45. The telephone calls each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

46. The only reason that Coastal and/or representative(s), employee(s) and/or agent(s) of Coastal made telephone call(s) to Plaintiff was to attempt to collect the Account.

47. The only reason that Coastal and/or representative(s), employee(s) and/or agent(s) of Coastal had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

48. All of the conduct by Coastal and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

## <u>CLASS ACTION ALLEGATIONS</u>

## <u>CLASS ONE – FDCPA CLASS</u>

49. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Coastal in an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes and where the communication from Coastal failed to inform the receiver of the communication hat the communication was an attempt to collect a debt and/or that any information obtained by Coastal would be used for the purpose of debt collection and/or that Coastal was a debt collector and/or failed to provide meaningful disclosure of Coastal's identity.

50. Excluded from the Class are Coastal, all other defendants named herein, the officers and directors of Coastal, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Coastal has or had a controlling interest.

51. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Coastal.

52. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Coastal and Plaintiff has suffered substantially similar injuries as each member of the Class.

53. Plaintiff has retained counsel experienced and competent in class action litigation.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

55. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Coastal has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.    Coastal's violations of 15 U.S.C. § 1692 *et seq.* as alleged herein;

    b.    Coastal's conduct particular to the matters at issue was identical or substantially similar; and

    c.    The availability of statutory penalties.

**CLASS TWO – TCPA AND TEXAS BUSINESS CODE CLASS**

56. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within four years before the date of the filing of this Complaint, received telephone calls on their cellular telephones from Coastal in communications or attempted communications which originated with Coastal's use of an automatic telephone dialing system and/or which used an artificial or prerecorded voice in the communication, and where such communications were not made for emergency purposes or where the person did not provide prior express consent to Coastal to use an automatic telephone dialing system and/or did not

provide prior express consent to Coastal to use an artificial or prerecorded voice in the communication.

57. Excluded from the Class are Coastal, all other defendants named herein, the officers and directors of Coastal, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Coastal has or had a controlling interest.

58. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Coastal.

59. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Coastal and Plaintiff has suffered substantially similar injuries as each member of the Class.

60. Plaintiff has retained counsel experienced and competent in class action litigation.

61. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

62. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Coastal has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

a.      Coastal's violations of 47 U.S.C. § 227 *et seq*. as alleged herein;

b.      Coastal's violations of Tex. Bus. & Comm. Code § 305.053 as alleged herein;

c.      Coastal's conduct particular to the matters at issue was identical or substantially similar; and

d.      The availability of statutory penalties.

### CLASS THREE – TEXAS FINANCE CODE CLASS

63. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Coastal in connection with an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes.

64. Excluded from the Class are Coastal, all other defendants named herein, the officers and directors of Coastal, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Coastal has or had a controlling interest.

65. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Coastal.

66. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Coastal and Plaintiff has suffered substantially similar injuries as each member of the Class.

10

67. Plaintiff has retained counsel experienced and competent in class action litigation.

68. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

69. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Coastal has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

   a.      Coastal's violations of Tex. Fin. Code § 392.101 as alleged herein;

   b.      Coastal's conduct particular to the matters at issue was identical or substantially similar; and

   c.      The availability of statutory penalties.

## **RESPONDEAT SUPERIOR**

70. The representative(s) and/or collector(s) at Coastal were employee(s) and/or agents of Coastal at all times mentioned herein.

71. The representative(s) and/or collector(s) at Coastal were acting within the course of their employment at all times mentioned herein.

72. The representative(s) and/or collector(s) at Coastal were under the direct supervision and control of Coastal at all times mentioned herein.

73. The actions of the representative(s) and/or collector(s) at Coastal are imputed to their employer, Coastal.

### COUNT I:  VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT BY COASTAL CAPITAL PROCESSING, LLC

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. Coastal contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

76. Plaintiff never provided express consent to Coastal to call her cellular telephone number.

77. The calls from Coastal to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

78. Each of the aforementioned calls made by Coastal constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et seq.

79. As a result of each of Coastal's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

80. As a result of each of Coastal's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II:  VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE BY COASTAL CAPITAL PROCESSING, LLC

81. The previous paragraphs are incorporated into this Count as if set forth in full.

82. The act(s) and omission(s) of Coastal and its representative(s), employee(s) and/or agent(s) violated Tex. Bus. & Comm. Code § 305.053(a).

83. Pursuant to Tex. Bus. & Comm. Code § 305.053(b), Plaintiff seeks actual damages and statutory damages in the amount of $500 for each violation of Tex. Bus. & Comm. Code § 305.053 from Coastal.

84. Pursuant to Tex. Bus. & Comm. Code § 305.053(c), Plaintiff seeks three times actual damages and statutory damages in the amount of $1,500 for each violation of Tex. Bus. & Comm. Code § 305.053 from Coastal for each such violation the court deems to have been committed knowingly or intentionally.

85. Pursuant to Tex. Bus. & Comm. Code § 305.053(a), Plaintiff seeks an injunction against Coastal enjoining it from future violations of the Tex. Bus. & Comm. Code as described herein.

## COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY COASTAL CAPITAL PROCESSING, LLC

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. The act(s) and omission(s) of Coastal and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692e(2)&(5)&(10)&(11) and § 1692g(a).

88. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks statutory damages of $1,000 and actual damages, reasonable attorney's fees and costs from Coastal.

## COUNT IV: VIOLATIONS OF THE TEXAS FINANCE CODE BY COASTAL CAPITAL PROCESSING, LLC

89. The previous paragraphs are incorporated into this Count as if set forth in full.

90. The act(s) and omission(s) of Coastal and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101, §392.304(a)(1)&(5)&(14).

91. Pursuant to Tex. Fin. Code § 392.101, Plaintiff seeks statutory damages, reasonable attorney's fees and costs from Coastal.

13

92. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Coastal enjoining it from future violations of the Texas Finance Code as described herein.

**JURY TRIAL DEMAND**

93. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

94. Judgment in favor of Plaintiff and all members of Class One and against Coastal as follows:

    a.  For each member of Class One, statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    b.  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

    c.  Such other and further relief as the Court deems just and proper.

95. Judgment in favor of Plaintiff and all members of Class Two and against Coastal as follows:

    a.  For each member of Class Two, statutory damages of $500.00 for each violation of 47 U.S.C. § 227 determined to be negligent, pursuant to 47 U.S.C. § 227(b)(1)(A);

    b.  For each member of Class Two, treble damages for each violation of 47 U.S.C. § 227 determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    c.  For each member of Class Two, statutory damages of $500.00 for each violation of 47 U.S.C. § 227 determined to be negligent, pursuant to Tex. Bus. & Comm. Code § 305.053(b);

    d.  For each member of Class Two, treble damages for each violation of 47 U.S.C. § 227 determined to have been committed knowingly or intentionally, pursuant to Tex. Bus. & Comm. Code § 305.053(c);

e. An injunction permanently enjoining Coastal from future violations of Tex. Bus. & Comm. Code as described herein, pursuant to Tex. Bus. & Comm. Code § 305.053(a);

f. Such other and further relief as the Court deems just and proper.

96. Judgment in favor of Plaintiff and all members of Class Three and against Coastal and Western as follows:

a. For each member of Class Three, statutory damages of no less than $100 for each violation of chapter 392 pursuant to Tex. Fin. Code § 392.403;

b. An injunction permanently enjoining Coastal from future violations of Tex. Fin. Code § 392.101 as described above, pursuant to Tex. Fin. Code § 392.403;

c. Reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff